## HENRY CLARK AND OTHERS *vs.* ROSA MANKO.

*Married Women—Involuntary Insolvency.*

A married woman, trading as a *feme sole* trader, under Code, Art. 56, Sec. 36, is not subject to the provisions of Code, Art. 47, Sec. 23, relating to involuntary insolvency.

Appeal from the Court of Common Pleas of Baltimore City, in Insolvency.

The appellants filed a petition in said Court alleging that the appellee, a married woman, being a licensed *feme sole* trader under Code, Art. 56, had committed certain acts of insolvency, and had executed an assignment of her property for the purpose of hindering, delaying and defrauding her creditors and praying that she might be adjudicated an insolvent and a trustee appointed. The Court below (PHELPS, J.) dismissed the petition, being of opinion that the appellee was not within the purview of the insolvent laws and therefore not subject to the jurisdiction of the Insolvent Court.

The cause was argued before BRYAN, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*William J. O'Brien, Jr.* and *Joseph S. Goldsmith*, for the appellants, cited: 14 *Am. and English Ency. of Law*, 674, 675;

*Wells on Separate Property of Married Women*, 196, 592 ; *Stewart on Husband and Wife*, secs. 473, 475, 476 ; *Bodine* v. *Killeen*, 53 N. Y. 93 ; *Young* v. *Gori*, 13 Abb. Pr. 13 ; *Ball* v. *Bullard*, 52 Barbour, 144 ; *Roan* v. *Hollingshead*, 76 Md. 369 ; *Lavie* v. *Phillips*, 3 Burrows, 1776 ; *Exparte Carrington*, 1 Atkyns, 206 ; *Hilliard on Bankruptcy*, 49 ; *Avery & Hobb on Bankruptcy*, 33 ; *In re Lyons*, 2 Sawyer, 524 ; *In re Kinkhead*, 3 Bissell, 404 ; *In re Collins*, 10 B. R. 335 ; *Graham* v. *Stark*, 3 B. R. 357 ; *Whyte* v. *Betts Machine Co.* 61 Md. *182*; *Pinckney* v. *Lanahan*, 62 Md. 453 ; *Castleberg* v. *Wheeler*, 68 68 Md. 277 ; *Binney* v. *Globe Nat. Bank*, 150 Mass. 579 ; *In re Slichter*, 2 B. R. 336 ; *Home Bank* v. *Saneberg*, 131 Ill. 333 ; *In re Locke*, 2 B. R. 382 ; *In re Silverman*, 4 B. R. 523 ; *In re Book*, 3 McLean, 317 ; *Cruzen* v. *McKaig*, 57 Md. 458.

  *\*William A. Fisher* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The sole question here presented is whether a married woman trading as a *feme sole* trader under the statute (Code Art. 56, section 36), is subject to and within the provisions of Code Art. 47, section 23, relating to involuntary insolvency. It has already been held by this Court in the case of the *Building Association* v. *Schmidt*, 55 Md. 97, that the provisions of the Code relating to voluntary insolvency before they were amended by the Act of 1880, Chapter 172, did not apply to married women, and we are all of opinion, notwithstanding the able argument of appellants' counsel, that the present law relating to involuntary insolvency, Article 47, section 23 of the Code, has no broader scope as to married women or *feme sole* traders. Prior to the Act of 1880, ch. 172, which amended the law as to voluntary insolvency, and added the provisions as now contained in the Code relating to involuntary insolvency, more than one

---

*The Court declined to hear counsel for the appellee.

attempt had been made in several of the circuits of this State to apply the then existing insolvent law to married women, but without success. The very case here relied upon by both sides, *Building Association* v. *Schmidt supra,* in which it was held that married women were not within the then insolvent law, was decided in the lower Court more than a year before the Act of 1880 was passed. If the Legislature had thought it wise to do so, it could easily have removed all doubt. But neither prior to the Act of 1880, nor by that Act itself, nor since its passage has there ever been any declaration of the Legislature that the insolvent law should include married women or *feme sole* traders. It is fair, therefore, to infer that no such intention ever existed. A large number of authorities were cited by the appellants to sustain their view, but we shall rest our conclusion upon the construction of our own statute, and the decision of this Court in the case before cited. And in view of the reasoning of this Court in that case it is, we think, evident that, whatever may be the rule elsewhere, we cannot agree to the contention of the appellants, that the necessary result of removing the disabilities of married women is to abrogate *all* rules based on such disability, and to bring them within the provisions of the insolvent law. We held in *Building Asso.* v. *Schmidt,* that notwithstanding the several acts relating to married women, which were passed for the purpose of removing common law disabilities, and to enable them to contract debts and to sue and be sued at law, " such acts can in no manner extend the provisions or affect the construction of the insolvent law, as we find it in the Code." We think the same language may be used in reference to the present insolvent law and the various laws now in force regulating the rights and liabilities of married women and *feme sole* traders. One of the Acts of Assembly we referred to in *Building Asso.* v. *Schmidt,* that of 1862, Ch. 49, in regard to *feme sole* traders which has been amended by the Act of 1880, Ch. 349, we there held did not have the effect here sought to be given to it by the appellant, that is

to say, to affect the construction of the insolvent law as we find it in the Code.

It was argued, however, that what we said in 55 Maryland can apply only to the then existing insolvent law, as found in section 2, art. 48 of the Code of 1860. As we understand the contention of the appellant it is that the view announced in 55 Maryland was largely, if not altogether, owing to the fact that the law then required a deed from the insolvent debtor to the preliminary trustee, and that a married woman not being able to make a valid deed without her husband joining therein, the law as it then stood was very properly held not to apply to her, but that the Act of 1880, Ch. 172, changed the law in this respect, and no deed being now required, married women and *feme sole* traders are subject to its provisions. But if this be so, without so conceding, why may not infants also be subjected to the insolvent law, for they, like married women, and under the same Act, 1862, Ch. 49, as amended by the Act of 1880, Ch. 349, are made responsible and liable to be sued in a Court of law on all contracts authorized under said act, Code, Art. 56, sec. 36.

The appellants theory of this case is based largely upon the assumption that the insolvent law as we now have it has a wider application as to parties and is substantially different as to transfer of title from the debtor to the preliminary trustee from the law as it was before it was amended by the Act of 1880, and as it existed when construed in 55 Md. But in neither of these particulars do we think there is any substantial difference between the former and the present law. The former provides that " any person " being insolvent may as therein directed apply for the benefit of said law, and the latter has a like provision that " any person " who shall commit any act. of insolvency therein mentioned shall, &c. The class contemplated by each law is in both cases described by the same expression " any person," and it would therefore seem to follow that both the old and the present law must be held to embrace the same persons, un-

less there be something in the contention of the appellants that formerly a deed was required to pass title from the debtor to the preliminary trustee, and that now no such deed is required. Of course it is conceded that the old law (sec. 2, Art. 48, Code, 1860), provided for such a deed, that being one of the reasons on which this Court based its decision in 55 Md. The section of the present Code relied on by the appellant to show that no deed is now necessary is section 23 of Art. 47, and its language is " When the Court shall have appointed a preliminary trustee all such estate and property (that is of the debtor) shall, as soon as the bond of such trustee shall have been approved, be divested out of the insolvent and be vested in the trustee ; and *thereafter the same proceedings shall be had as hereinbefore prescribed in relation to persons who shall apply for the benefit* * * * *of this Article.*" By referring to *section* 2 of same Article regulating proceedings as to applicants for the benefit of the insolvent law, we find that it is provided that after the appointment of a trustee, and the approval of his bond, the insolvent shall *immediatcly convey* to said trustee all his property, &c. It is true that under this section the property of the debtor vests in the trustee upon the approval of the bond, whether the conveyance has been made or not, but it would seem none the less the duty of the debtor to make the deed as required by this section. And, therefore, the same duty of making the conveyance, rests upon the debtor whether he or his creditors file the petition, and the views of this Court in 55 Md. in reference to the provision of the voluntary insolvent law then in force requiring a deed to vest title in the trustee, applies with equal force to a case of involuntary insolvency brought under the present Code.

But it does not seem to us reasonable to suppose that the Legislature could have intended by the present law to subject married women and *feme sole* traders to its provisions— otherwise clear and distinct language for that purpose would have been used. Such a radical change in the scope of the

insolvent law as it is generally understood certainly would not have been, and should not be, left to mere inference and conjecture.

*Order affirmed.*

(Decided November 22nd, 1894.)